IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Legacy Commercial
Flooring Ltd.,

              Plaintiff,

    v.

United American Healthcare
Corporation, et al.,

              Defendants.

Case No. 2:10-CV-0486

JUDGE SARGUS

Magistrate Judge Kemp

OPINION AND ORDER

On April 26, 2010, Plaintiff Legacy Commercial Flooring Ltd. ("Legacy") filed this action against Defendants United American Healthcare Corporation ("UAHC") and United American Solutions, Inc. ("Solutions") in the Court of Common Pleas of Franklin County, Ohio, alleging breach of contract and promissory estoppel. Defendants removed this action to federal court on June 1, 2010. On June 8, 2010, defendants filed a motion to dismiss. On June 10, 2010, plaintiff filed a motion to remand. On July 9, 2010, defendants filed their response to the motion to remand, and on July 23, 2010, plaintiffs replied. For the following reasons, plaintiff's motion to remand will be denied.

I. General Jurisdictional Principles

Federal courts are not courts of general jurisdiction and are bound by the power authorized by Article III of the Constitution and the statutes enacted by Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). 28 U.S.C. § 1441 permits cases to be removed from a state court if a federal court would have had original jurisdiction over the case had the complaint been filed in a federal court.

The two bases for removal jurisdiction under §1441 are diversity jurisdiction or federal question jurisdiction. Diversity jurisdiction exists where no party in interest properly joined and served as a defendant is a citizen of the State in which such action is brought, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. §

1

1332(a).  The party seeking removal bears the burden of proving by a preponderance of the evidence that the jurisdictional requirements are met.  Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993).  The appropriateness of federal jurisdiction in a diversity case is determined at the time of removal.  Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939).  It is with these standards in mind that plaintiff's motion to remand must be decided.

## II.  The Operative Facts

Legacy, the plaintiff, is an Ohio limited liability company with its principal place of business in Franklin County, Ohio. Defendant UAHC is a Michigan corporation with its principal place of business in Wayne County, Michigan.  Defendant Solutions is an Ohio corporation and subsidiary of UAHC.

According to the complaint, in September, 2009, UAHC and Legacy entered into discussions for UAHC to purchase Legacy's assets.  On September 18, 2009, UAHC and Legacy executed a "Non-Binding Indication of Interest" (IOI), which set forth conditions for a potential transaction.  Included in the IOI was an indication of the parties, the assets to be purchased, the consideration for the assets, the plan for transitioning employees, and an outline of the due diligence process.  The IOI also specified that neither party would have any liability to the other for costs incurred in the event that negotiations were terminated, and that the IOI was neither an agreement nor an agreement to enter into an agreement.

Between October 2009 and January 2010, UAHC and Legacy exchanged multiple drafts of an asset purchase agreement ("APA").  These drafts contained the material and essential terms to be agreed upon by the parties.  One specification of the APA was the formation of a corporate entity in Ohio that would receive Legacy's assets if and when the potential transaction was consummated.  This term was included in the APA drafts in October 2009, December 2009, January 2010, and February 2010, although the name of the potential corporation changed multiple times.  On February 9, 2010, UAHC submitted documentation to the State of Ohio to create Solutions, the corporate entity discussed in the APA.

UAHC allegedly imposed a deadline of February 16, 2010 for the execution of the APA and the completion of the transaction due to "various timing issues." However, on February 10, 2010, after five months of conducting due diligence and negotiating various aspects of the

2

potential transaction, UAHC informed Legacy that it did not intend to purchase the assets.

Legacy claims that the combination of the IOI and the APA created a written contract. In its view, each document contained the material and essential terms to an agreement and therefore created a duty under Michigan law for UAHC and Solutions to act in good faith to uphold the agreement. By not purchasing Legacy's assets after six months of negotiations, Legacy contends that UAHC acted in bad faith and breached the contract. Legacy also alleges that the APA was a promise to purchase that Legacy reasonably relied on, creating a claim for promissory estoppel. Legacy seeks $350,000 plus interest in damages for the money it spent pursuing the potential transaction.

### III.  The Motion to Remand

Legacy's motion to remand is based on the argument that complete diversity does not exist in this case. Legacy and Solutions are both citizens of the State of Ohio, a fact which eliminates the complete diversity required by §1332(a). In opposing remand, UAHC contends that Legacy has no colorable claim against Solutions, making the joinder of that defendant "fraudulent," and that Solutions' citizenship should be disregarded for the purposes of establishing diversity jurisdiction.

### IV.  Fraudulent Joinder

A claim of "fraudulent joinder," while not necessarily implying actual fraudulent conduct on the plaintiff's part, does involve an assertion that the resident defendant was joined solely, and without any legal basis, for the purpose of defeating the other defendant's right to remove the case on diversity grounds. As one might suspect, the law relating to this aspect of removal jurisdiction is stringent and requires the removing defendants to do more than simply articulate a basis for dismissal of the plaintiff's claims against the non-diverse defendant who has allegedly been fraudulently joined. As the Fifth Circuit has acknowledged, in cases which are uniformly followed by cases from this and other circuits, see, e.g., Alexander v. Electronic Data Systems Corp., 13 F.3d 940 (6th Cir. 1994), when a removing party alleges that a defendant has been fraudulently joined as a party to a case in order to defeat removal jurisdiction, that party faces an uphill struggle in persuading the Court that not only does the complaint fail to state a claim against the non-diverse defendant, but that there is not even a colorable argument that it does.

3

See B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). When a colorable argument in support of the claim against the non-diverse defendant exists, although the defendant may ultimately succeed in having the claim dismissed by the state court, removal of the case on the basis of diversity is improper. In Miller Brewing, the court held as follows:

> "The burden of persuasion placed on those who cry 'fraudulent joinder' is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."

Id. at 549. Under the Miller Brewing standard, the Court's inquiry is not whether the complaint states a claim, but whether "there remained a possibility of a valid claim being stated against the in-state defendants..." If there is, "the case would be property cognizable only in the state courts." Id. at 550.

In reaching that conclusion, the Miller Brewing court relied on two prior Fifth Circuit decisions, Bobby Jones Garden Apartments v. Suleski, 391 F.2d 172, (5th Cir. 1968) and Tedder v. F.M.C. Corp., 590 F.2d 115 (5th Cir. 1979). The Sixth Circuit Court of Appeals has cited both of these cases with approval as articulating the appropriate standard for evaluating a removing defendant's assertion that in-state defendants have been joined without a reasonable basis for asserting liability and that the joinder should be disregarded for purposes of determining diversity jurisdiction. See Alexander, 13 F.3d 940 (6th Cir. 1994).

District court cases within this circuit have also followed the Miller Brewing rule, either exactly as stated or in a modified form which focuses not on the existence or non-existence of a claim against the non-diverse defendants, but on whether there is an articulable or reasonable basis for that claim. See Brusseau v. Electronic Data Systems Corp., 694 F. Supp. 331, 333-334 (E.D. Mich. 1988); Bucksnort Oil Co. V. Nat'l Convenience Stores, Inc., 585 F. Supp. 883, 886 (M.D. Tenn. 1984). Thus, in deciding whether diversity jurisdiction exists here, the Court's task is limited to determining whether the complaint states any claim against the resident defendant that is even arguably permitted under state law.

V. Analysis

4

Although Solutions was not created until the day before UAHC declined to purchase Legacy's assets, Legacy joined it as a party to the lawsuit. The joinder of Solutions as a defendant, if proper, would clearly destroy complete diversity. Legacy contends that because Solutions is a named party in the most recent APA, that the promises in the agreement which bind UAHC also bind Solutions.

This Court has described the difference between a nominal party and a real party in interest this way:

> A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined. In contrast to a real party in interest, a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit or no actual interest or control over the subject matter of the litigation.

Rose v. Giamatti, 721 F.Supp. 906, 913 (S.D. Ohio 1989)(internal quotation marks and citations omitted). When a party is found to be nominal, the Court should disregard its citizenship for jurisdictional purposes. Salem Trust Co. V. Manufacturers' Finance Co., 264 U.S. 182, 190 (1924).

Legacy is correct that throughout the negotiating process, UAHC represented that it intended to form an Ohio corporation to receive Legacy's assets. Solutions was even named in the most recent APA and was one of the parties whose signature was required to execute the agreement. However, since Solutions did not exist as a corporate entity until the day before the negotiations were cancelled, it could not have had any control over the subject matter of the litigation. A corporation does not exist until the effective date of the articles of incorporation. Mich. Comp. Laws. §450.1221. Therefore, even assuming that the combination of the IOI and APA does form a written contract, Solutions did not exist when either document was drafted or agreed to and therefore could not have had any control over the promises supposedly contained in them.

Furthermore, it is clear from the documents themselves, which are part of the pleadings, that Solutions existed only as a vehicle for receiving Legacy's assets. The most recent APA explicitly states that Solutions would be formed "for the purpose of consummating this transaction." There is no other language in any of the agreements outlining any other duties or

interests for Solutions once the transaction was completed.  Without the transaction, there was no reason for Solutions to exist.  It has no legal interest in the outcome of this claim.  Solutions was merely a means to an end.  The only parties that have a stake in the litigation are UAHC and Legacy.  Thus Solutions is a nominal party and its citizenship should be disregarded for jurisdictional purposes.  Therefore, there is complete diversity, and remand to state court would be improper.

## VI. Order

Based on the foregoing reasons, Legacy's motion to remand (Doc. #11) is DENIED.

Date: _8-27-2012_          _____
                           Edmund A. Sargus, Jr.
                           United States District Judge